IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,569

In the Matter of LUCAS L. THOMPSON,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed February 27, 2015. One-year suspension.

*Kate Baird*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with her on the formal complaint for the petitioner.

*Lucas L. Thompson*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Lucas L. Thompson, of Topeka, an attorney admitted to the practice of law in Kansas in 2008.

On May 12, 2014, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent filed an answer on June 9, 2014. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on July 1, 2014, where the respondent was personally present. The hearing panel determined that respondent violated KRPC 1.4(a) (2014 Kan. Ct. R. Annot. 495) (communication); 8.4(g) (2014 Kan. Ct. R. Annot. 680) (engaging in conduct adversely reflecting on lawyer's fitness to practice law); 8.1(b) (2014 Kan. Ct. R. Annot. 670) (failure to respond to lawful demand for information from disciplinary authority); Kansas Supreme Court Rule 207(b) (2014 Kan. Ct. R. Annot. 342) (failure to cooperate in disciplinary investigation); Kansas

1

Supreme Court Rule 208 (2014 Kan. Ct. R. Annot. 356) (registration of attorneys); and Kansas Supreme Court Rule 218 (2014 Kan. Ct. R. Annot. 414) (notification of clients upon suspension).

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"*Findings of Fact*

. . . .

"*Kansas License*

"8.     The Kansas Supreme Court admitted the respondent to the practice of law in the State of Kansas on September 26, 2008. On September 18, 2013, the Kansas Supreme Court entered an order suspending the respondent's license to practice law for failing to pay the annual registration fee, for failing to pay the annual continuing legal education fee, and for failing to comply with the annual continuing legal education requirements.

"*Missouri License*

"9.     In 2009, the Missouri Supreme Court admitted the respondent to the practice of law. On March 3, 2013, the Missouri Supreme Court entered an order suspending the respondent's license to practice law. Thereafter, on May 10, 2013, the Missouri Supreme Court entered an order striking the respondent's name from the roll of attorneys authorized to practice law in the State of Missouri.

"10.    On July 26, 2013, A.L. filed a complaint against the respondent. A.L. served as the president of a bank. A.L. retained the respondent to seek satisfaction of a judgment lien, on behalf of the bank, in Dickinson County, Kansas.

"11.    The respondent and A.L. also had a personal relationship. At the time A.L. retained the respondent, the respondent was married to A.L.'s daughter. During the course of the representation of the bank, the respondent and his wife became estranged and ultimately divorced. A.L. filed the complaint after the divorce was pending.

"12.    The disciplinary administrator docketed A.L.'s complaint for investigation. The disciplinary administrator and the attorney assigned to investigate A.L.'s complaint, Rebecca Floyd, wrote to the respondent, directing him to provide a written response to the complaint. The respondent failed to provide a written response to A.L.'s complaint. In this answer, the respondent provided the following explanation for his failure to provide a written response to the complaint:

'. . .  Respondent went through significant life changes between January, 2013, and December, 2013. These included a divorce involving two young children, an unamicable dissolution of a legal partnership, more than 8 months of unemployment, and more than a month of homelessness. During this time, Respondent's address changed several times. Respondent apparently inadvertently neglected to notify some registration offices, however, Respondent has maintained the same phone number and email address as listed above for more than a year and would have had the same contact information during this time. This information would have been available from Shawnee County Court Records as well as from Complainant. Investigators for the Disciplinary Administrator's office have contacted Respondent using these methods. So it is assumed the Office had the information as well. The diligence and effort needed to contact Respondent using these methods should have been minimal.

3

'Furthermore, Respondent would have communicated with any investigator by telephone if the opportunity arose. Respondent decided not to respond in writing to the complaint because Respondent is involved in an ongoing custody dispute with the Complainant's daughter and every time Respondent makes an effort to formally defend himself from different false allegations directed by Complainant, Complainant's daughter re-doubles efforts to deprive Respondent of his time with his children. Frankly Respondent's children were given priority over fallacious disciplinary complaints. This does not reflect apathy toward the Ethics rules or Office of the Disciplinary Administrator, but was a decision made, even if made incorrectly or mistakenly.

'On at least two occasions, Complainant has specifically stated to Respondent that Complainant would do "whatever it takes" to either "see [Respondent] in prison" or "take [Respondent's] law license."'

"13.     Despite the respondent's lack of cooperation, Ms. Floyd proceeded with her investigation. In his complaint, A.L. referenced a bankruptcy case. In her investigation, Ms. Floyd made contact with L.C., the debtor in the referenced bankruptcy case.

"14.     L.C. retained the respondent to filed a chapter 7 bankruptcy case on her behalf. L.C. paid the respondent $1,400 for the representation. L.C. provided the respondent with all of the financial documents necessary to file the case.

"15.     On May 30, 2013, the respondent filed an undated and unsigned chapter 7 statement in the United States Bankruptcy Court, on behalf of L.C. The pleadings filed by the respondent were insufficient. The clerk of the bankruptcy court attempted to contact the respondent to advise him that the pleadings were insufficient. However, the contact information provided by the respondent was incorrect. After obtaining a mobile telephone number for the respondent, the clerk left a message for the respondent regarding the matter.

4

"16.     At some point, the respondent assured the clerk that he would file corrected pleadings on behalf of L.C. However, the respondent failed to do so. Additionally, after learning that the pleadings were insufficient, the respondent failed to inform L.C. that the pleadings filed on her behalf were insufficient.

"17.     On June 6, 2013, the court dismissed the chapter 7 bankruptcy case filed on behalf of L.C. based on the insufficient pleadings filed by the respondent. After the bankruptcy was dismissed, the respondent failed to inform L.C. that the case had been dismissed.

"18.     On July 15, 2013, the respondent filed a motion to reinstate the case, reporting to the court that during his initial attempt at filing, the documents did not properly upload. The respondent also reported that he had attempted to correct the matter before the case was dismissed, but was unable to do so due to an illness and an ongoing computer problem. The court granted the respondent's motion and reinstated L.C.'s chapter 7 bankruptcy case.

"19.     L.C. attempted to contact the respondent regarding her pending bankruptcy case. The respondent failed to maintain contact with L.C. The respondent failed to provide L.C. with information regarding the representation.

"20.     Because the respondent failed to maintain contact with her, L.C. contacted Kansas Legal Services for representation. Kansas Legal Services connected L.C. with Mack & Associates. L.C. retained Mack & Associates to complete the bankruptcy case and L.C. paid Mack & Associates $700 for the representation.

"21.     Thereafter, on February 24, 2014, Mack & Associates entered its appearance for L.C. Mack & Associates assisted L.C. in finalizing the chapter 7 bankruptcy case.

"22. Based upon the findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 1.4, KRPC 8.1, KRPC 8.4(g), Kan. Sup. Ct. R. 207, Kan. Sup. Ct. R. 208, and Kan. Sup. Ct. R. 218, as detailed below. [Footnote: The disciplinary administrator also alleged that the respondent violated KRPC 1.1, KRPC 1.3, and KRPC 5.5. The hearing panel concludes that clear and convincing evidence was not presented to establish a violation of KRPC 1.1, KRPC 1.3, and KRPC 5.5.]

"KRPC 1.4

"23. KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' In this case, the respondent violated KRPC 1.4(a) when he failed to keep L.C. advised regarding the status of the case, when he failed to inform L.C. that her bankruptcy case had been dismissed, and when he failed to inform her that his license to practice law had been suspended and he was no longer able to represent her. Accordingly, the hearing panel concludes that the respondent violated KRPC 1.4(a).

"KRPC 8.4(g)

"24. 'It is professional misconduct for a lawyer to . . . engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.' KRPC 8.4(g). Fed. Dist. Ct. R. 83.6.4 requires a lawyer admitted to practice in the United States District Court for the District of Kansas to notify the clerk of that court if the lawyer is disciplined in another jurisdiction. The respondent's state licenses to practice law were suspended and he failed to notify the federal court of those facts. Thus, the hearing panel concludes that the respondent engaged in conduct that adversely reflects on his fitness to practice law when he failed to notify the clerk of the bankruptcy court that his licenses to practice law had been suspended and he was no longer eligible to practice in federal court and therefore no longer able to represent L.C. The hearing panel concludes that the respondent violated KRPC 8.4(g).

"KRPC 8.1 and Kan. Sup. Ct. R. 207(b)

"25.     Lawyers must cooperate in disciplinary investigations. KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b) provide the requirements in this regard. '[A] lawyer in connection with a . . . disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority, . . .'" KRPC 8.1(b).

> 'It shall be the duty of each member of the bar of this state to aid
> the Supreme Court, the Disciplinary Board, and the Disciplinary
> Administrator in investigations concerning complaints of misconduct,
> and to communicate to the Disciplinary Administrator any information
> he or she may have affecting such matters.'

Kan. Sup. Ct. R. 207(b). The respondent knew that he was required to forward a written response to the initial complaint—he had been instructed to do so in writing by the disciplinary administrator and Ms. Floyd. Further, at the hearing on the formal complaint, the respondent testified that he knew he was required to provide a written response to the complaint but chose not to in an effort to avoid any undesirable consequences regarding his ability to spend time with his children. Despite the respondent's personal troubles, he is required to cooperate in disciplinary investigations. Accordingly, because the respondent intentionally failed to provide a written response to the initial complaint filed by A.L., the hearing panel concludes that the respondent violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b).

"Kan. Sup. Ct. R. 208

"26.     Attorneys are required to comply with the annual registration requirements as set forth in Kan. Sup. Ct. R. 208. The respondent failed to comply with the annual registration requirements by failing to pay the annual registration fee, failing to pay the annual continuing legal education fee, and failing to comply with the annual continuing legal education requirements. Thus, the hearing panel concludes that the respondent violated Kan. Sup. Ct. R. 208.

7

"Kan. Sup. Ct. R. 218

"27.    After an attorney's license is suspended, the respondent must comply with Kan. Sup. Ct. R. 218. Kan. Sup. Ct. R. 218 requires a suspended attorney to notify clients, opposing counsel, and the courts of the suspension. Following the respondent's suspension, the respondent failed to notify his clients, opposing counsel, and the courts of his suspension. Thus, the hearing panel concludes that the respondent violated Kan. Sup. Ct. R. 218.

"*American Bar Association*
*Standards for Imposing Lawyer Sanctions*

"28.    In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"29.    *Duty Violated*.  The respondent violated his duty to his client to provide adequate communication. Additionally, the respondent violated his duty to the legal profession to comply with the annual registration requirements.

"30.    *Mental State*.  The respondent knowingly violated his duties.

"31.    *Injury*.  As a result of the respondent's misconduct, the respondent caused actual injury to L.C. and potential injury to the legal profession.

"Aggravating and Mitigating Factors

"32.    Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its

8

recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

"33.     *Multiple Offenses*.  The respondent committed multiple rule violations. The respondent violated KRPC 1.4, KRPC 8.1, KRPC 8.4(g), Kan. Sup. Ct. R. 207, Kan. Sup. Ct. R. 208, and Kan. Sup. Ct. R. 218. Accordingly, the hearing panel concludes that the respondent committed multiple offenses.

"34.     *Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process*.  The respondent failed to provide a written response to the complaint in this case. The respondent was instructed to do so by the disciplinary administrator and Ms. Floyd. The respondent's failure to provide written responses to the complaint amounts to bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules and orders of the disciplinary process.

"35.     *Indifference to Making Restitution*.  To date, the respondent has taken no action to reimburse L.C. for the additional attorney fees she incurred as a result of the respondent's misconduct or refund any unearned attorney fees.

"36.     Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

"37.     *Absence of a Prior Disciplinary Record*.  The respondent has not previously been disciplined.

"38.     *Absence of a Dishonest or Selfish Motive*.  The respondent's misconduct does not appear to have been motivated by dishonesty or selfishness.

"39.     *Inexperience in the Practice of Law*.  The Kansas Supreme Court admitted the respondent to the practice of law in 2008. At the time of the misconduct, the

9

respondent had been practicing law for less than 5 years. Thus, the hearing panel concludes that the respondent is inexperienced in the practice of law.

"40.    In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'4.42    Suspension is generally appropriate when:

(a)    a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b)    a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

'6.12    Suspension is generally appropriate when a lawyer knows that . . . material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

'7.2    Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.'

"*Recommendation*

"41.    The disciplinary administrator recommended that the respondent be suspended for a period of 1 year. The respondent argued that a suspension of 1 year seemed severe.

"42.    Accordingly, based upon the findings of fact, conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent be suspended for a period of 1 year. The hearing panel further recommends that prior to reinstatement, the respondent be required to undergo a hearing pursuant to Kan. Sup. Ct. R. 219. At the reinstatement hearing, the respondent should be required to establish that he has complied with the annual registration requirements and has reimbursed L.C. for the fees she paid to Mack & Associates to complete the bankruptcy case. Finally, the hearing panel recommends that the effective date of the suspension be made retroactive to September 18, 2013, the date of the administrative suspension.

"43.    Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2014 Kan. Ct. R. Annot. 363). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

The respondent was given adequate notice of the formal complaint, to which he filed an answer; he filed no exceptions to the hearing panel's final hearing report. With no exceptions before us, the panel's findings of fact are deemed admitted. Supreme Court Rule 212(c), (d) (2014 Kan. Ct. R. Annot. 383). Furthermore, the evidence before the hearing panel establishes the charged misconduct in violation of KRPC 1.4(a) (2014 Kan. Ct. R. Annot. 495) (communication); 8.4(g) (2014 Kan. Ct. R. Annot. 680) (engaging in

11

conduct adversely reflecting on lawyer's fitness to practice law); 8.1(b) (2014 Kan. Ct. R. Annot. 670) (failure to respond to lawful demand for information from disciplinary authority); Kansas Supreme Court Rule 207(b) (2014 Kan. Ct. R. Annot. 342) (failure to cooperate in disciplinary investigation); Kansas Supreme Court Rule 208 (2014 Kan. Ct. R. Annot. 356) (registration of attorneys); and Kansas Supreme Court Rule 218 (2014 Kan. Ct. R. Annot. 414) (notification of clients upon suspension) by clear and convincing evidence and supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions.

The only remaining issue before us is the appropriate discipline for respondent's violations. Before this court, the office of the Disciplinary Administrator recommended that the respondent be suspended for a period of 1 year and that, prior to reinstatement, he be required to appear at a reinstatement hearing pursuant to Kansas Supreme Court Rule 219 (2014 Kan. Ct. R. Annot. 415). The hearing panel recommended that respondent be suspended for a period of 1 year, that respondent undergo a Rule 219 reinstatement hearing, and that at the reinstatement hearing, the respondent should be required to establish that he has complied with the annual registration requirements and has reimbursed L.C. for the fees she paid to Mack & Associates to complete the bankruptcy case. Finally, the hearing panel recommended that the effective date of the suspension be made retroactive to September 18, 2013, the date of the administrative suspension.

We hold that respondent should be suspended for a period of 1 year, that respondent undergo a Rule 219 reinstatement hearing, and that at the reinstatement hearing, the respondent should be required to establish that he has complied with the annual registration requirements and has reimbursed L.C. for the fees she paid to Mack & Associates to complete the bankruptcy case. Finally, we hold that the effective date of the suspension be made retroactive to September 18, 2013, the date of the administrative suspension.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Lucas L. Thompson be and is hereby suspended from the practice of law in the state of Kansas for a period of 1 year, in accordance with Supreme Court Rule 203(a)(3) (2014 Kan. Ct. R. Annot. 306), and that the effective date of the suspension be made retroactive to September 18, 2013, the date of the administrative suspension. It is further ordered that, prior to reinstatement, respondent undergo a Rule 219 reinstatement hearing, and that at the reinstatement hearing, the respondent should be required to establish that he has complied with the annual registration requirements and has reimbursed L.C. for the fees she paid to Mack & Associates to complete the bankruptcy case.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.