IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,636

In the Matter of KENTON M. HALL,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed September 2, 2016. Sixty-day suspension.

*Deborah L. Hughes*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with her on the brief for the petitioner.

*John J. Ambrosio*, of Ambrosio & Ambrosio, Chtd., of Topeka, argued the cause and was on the brief for respondent, and *Kenton M. Hall*, respondent, argued the cause pro se.

*Per Curiam*:  This is a contested original proceeding in discipline filed by the office of the Disciplinary Administrator against respondent, Kenton M. Hall, of Kansas City, Missouri, an attorney admitted to the practice of law in Kansas in 1988. Pursuant to Kansas Supreme Court Rule 211(f) (2015 Kan. Ct. R. Annot. 350), the Disciplinary Administrator filed a Notice of Appeal and Exceptions to the Hearing Panel Report regarding its dismissal of two claims brought against respondent—purported violations of Supreme Court Rule 218(c)(1) (2015 Kan. Ct. R. Annot. 401) and Kansas Rules of Professional Conduct (KRPC) 5.5(a) (2015 Kan. Ct. R. Annot. 641). The Disciplinary Administrator also argues that the panel assigned respondent the wrong mental state and considered an inappropriate mitigating circumstance. The dismissal of claims and the other errors resulted in a too lenient recommendation of published censure.

FACTS AND PROCEDURAL HISTORY

On June 30, 2015, the office of the Disciplinary Administrator filed a formal complaint against respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). Respondent filed an answer on July 13, 2015. The parties entered into a written stipulation on September 9, 2015. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on September 10, 2015, where respondent was personally present and represented by counsel. The hearing panel determined that respondent violated KRPC 3.3(a)(1) (2015 Kan. Ct. R. Annot. 601) (candor toward tribunal); 8.4(c) (2015 Kan. Ct. R. Annot. 672) (engaging in conduct involving misrepresentation); 8.4(d) (engaging in conduct prejudicial to the administration of justice); and Kansas Supreme Court Rule 208 (2015 Kan. Ct. R. Annot. 342) (registration of attorneys).

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"*Findings of Fact*

. . . .

"8.     The Kansas Supreme Court admitted the respondent to the practice of law in the State of Kansas on October 5, 1988. Initially, the respondent practiced law in Kansas with Wallace, Saunders, Austin, Brown & Enochs.

"9.     The Missouri Supreme Court admitted the respondent to the practice of law in the State of Missouri in April 1989. The respondent accepted a position with the Missouri public defender's office. Since that time, the respondent has been actively engaged in the practice of law in Missouri.

2

"10.     In 1990, the respondent changed the status of his law license in Kansas to inactive. On August 14, 1996, the respondent called the clerk of the appellate courts to find out what would happen if he did not pay the inactive fee. He was informed that his license would be suspended. The respondent did not pay the inactive fee in 1996. As a result, on November 5, 1996, the Kansas Supreme Court suspended the respondent's license to practice in Kansas. The respondent's license to practice law in Kansas has remained suspended since 1996.

"11.     In 2003, the respondent resigned from the Missouri public defender's office.

"12.     In May 2003, the respondent called the clerk of the appellate courts to learn what steps he would have to take to have his license reinstated. The clerk's office sent the respondent the forms necessary to seek reinstatement and the instructions for doing so. The respondent failed to complete the steps necessary to have his license reinstated.

"13.     In May 2009, the respondent again called the clerk of the appellate courts to learn what steps he would have to take to have his license reinstated. Again, the clerk's office sent the respondent the forms and instructions for applying for reinstatement. Again, the respondent failed to complete the steps necessary to have his license reinstated.

"14.     On June 8, 2012, the respondent submitted a verified application to appear *pro hac vice* on behalf of the defendant in *State v. H.R.I.*, Johnson County District Court, case number 12DV0289J.

    'a.     Paragraph 4 of the application required the respondent to list all "[b]ars to which the applicant is admitted, the dates of admission, and the applicable attorney registration number(s)[.]" The respondent did not list his Kansas bar admission.

3

'b.     Paragraph 5 of the application required the respondent to state whether he was a member in good standing with each bar. The respondent answered, "I swear and affirm that I am a member in good standing of each bar referenced in paragraph 4." The respondent's license to practice law in Kansas was not in good standing.

'c.     Paragraph 6 of the application required the respondent to state whether he had "been the subject of prior public discipline, including but not limited to suspension, or disbarment, in any jurisdiction[.]" The respondent stated, "I have not been the subject of prior public discipline by any jurisdiction." The respondent's license had been suspended, albeit an administrative suspension.'

"15.     On June 13, 2012, the respondent was admitted *pro hac vice* for the purpose of representing the defendant in *State v. H.R.I.* in Johnson County District Court. The respondent's local counsel was Stephen Patton.

"16.     The respondent represented H.R.I. in that case from March 8, 2012, to December 27, 2012. The case went to a jury trial. The defendant was found not guilty of the two felony charges against him and was found guilty of a lesser-included misdemeanor and a separately charged misdemeanor.

"17.     On May 2, 2013, the respondent submitted a verified application to appear *pro hac vice* on behalf of the defendant in *State v. S.L.S.*, Wyandotte County District Court, case number 2013-CV000070.

"18.     Just as with the verified application the respondent submitted in the Johnson County District Court case, the respondent did not disclose his Kansas bar admission, did not disclose that his license was not in good standing in Kansas, and did not disclose that his Kansas license was suspended.

"19.     The court granted the respondent's application and the respondent was admitted *pro hac vice* for the purposes of representing S.L.S. in Wyandotte County District Court. The respondent's local counsel was Ruth B. Sanders.

4

"20.     In early July 2013, the respondent consulted with a prospective client, B.R., concerning representing B.R. in a shoplifting case pending in Overland Park Municipal Court. B.R. gave the respondent a check in the amount of $450.00, dated July 8, 2013. On July 11, 2013, the check was returned due to insufficient funds in the account to pay the check. When the respondent notified B.R. that the check had bounced, B.R. told the respondent he had appeared *pro se*, had entered into a diversion, and no longer needed an attorney.

"21.     On August 1, 2013, Ms. Sanders filed a complaint with the disciplinary administrator based upon her belief that the respondent's license to practice law was inactive and that the respondent planned to appear on behalf of B.R. in the Overland Park Municipal Court.

"22.     On August 6, 2013, Ms. Sanders was allowed to withdraw as counsel in *State v. S.L.S.* On August 14, 2013, the respondent filed a motion for leave to withdraw in *State v. S.L.S.* In that motion, the respondent stated:

'2.     Counsel sought admission pro hac vice on the basis of his active Missouri Bar License. Counsel believed, in good faith, that seeking admission in this court on a pro hac vice basis with local counsel was permissible. However, counsel has been advised that, because his Kansas Bar License was actually suspended in 1996 for failure to pay dues when counsel was an employee of the Missouri State Public Defender System, he may not be allowed to practice in the State of Kansas on any basis, including pro hac vice with local counsel. Counsel had previously believed, in error, that his Kansas Bar license was merely, "inactive."'

"23.     The court allowed the respondent to withdraw as counsel for S.L.S. Ms. Sanders and the respondent refunded the full attorney's fee that had been paid on S.L.S.'s behalf.

5

"24.    The respondent remains licensed to practice law in Missouri and is an active member of the federal bars in the Western District of Missouri and the District of Kansas. The respondent has an active private practice in the area of criminal defense in Kansas City, Missouri.

"*Conclusions of Law*

"25.    Based upon the respondent's stipulations and the above findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 3.3(a)(1), KRPC 8.4(c), KRPC 8.4(d), and Kan. Sup. Ct. R. 208, as detailed below. [Footnote:  The respondent stipulated that he violated KRPC 3.3(a), KRPC 8.4(c), KRPC 8.4(d), Kan. Sup. Ct. R. 208, and Kan. Sup. Ct. R. 218. In addition, the disciplinary administrator also alleged that the respondent violated KRPC 5.5(a). The hearing panel concludes that the respondent did not engage in the unauthorized practice of law in the State of Kansas. Thus, the hearing panel concludes that the respondent did not violate KRPC 5.5(a). Further, because the portion of Kan. Sup. Ct. R. 218 which the disciplinary administrator was relying on, (c)(1), is directly tied to KRPC 5.5, the hearing panel rejects the stipulation that the respondent violated Kan. Sup. Ct. R. 218. Accordingly, the hearing panel dismisses the allegations that the respondent violated KRPC 5.5 and Kan. Sup. Ct. R. 218.]

"KRPC 3.3(a)(1)

"26.    KRPC 3.3(a)(1) provides that '[a] lawyer shall not knowingly make a false statement of material fact or law to a tribunal.' The respondent made false statements of material fact to the court twice when he failed to disclose in the verified applications for admission *pro hac vice* that he had been admitted to the practice of law in Kansas and that his license was suspended. Because the respondent provided false information to the Court, the hearing panel concludes that the respondent violated KRPC 3.3(a)(1).

6

## "KRPC 8.4(c)

"27.    'It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation.' KRPC 8.4(c). The respondent engaged in conduct that involved a misrepresentation when he failed to disclose in the verified applications for admission *pro hac vice* that he had been admitted to the Kansas bar and that his license to practice was suspended. As such, the hearing panel concludes that the respondent violated KRPC 8.4(c).

## "KRPC 8.4(d)

"28.    'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). The respondent engaged in conduct that was prejudicial to the administration of justice when he obtained admission *pro hac vice* improperly as the respondent was not eligible for admission *pro hac vice*. Nonetheless, the respondent was admitted in two district courts and represented criminal defendants. As such, the hearing panel concludes that the respondent violated KRPC 8.4(d).

## "Kan. Sup. Ct. R. 208

"29.    'All attorneys . . . admitted to the practice of law before the Supreme Court of the State of Kansas shall annually, on or before the first day of July, register with the Clerk of the Appellate Courts' and 'shall pay an annual fee.' Kan. Sup. Ct. R. 208. Additionally, '[a]ttorneys may register as:  active; inactive; retired; or disabled due to mental or physical disabilities. Only attorneys registered as active may practice law in Kansas.'

"30.    In this case, the respondent failed to register with the clerk of the appellate courts for years. Additionally, the respondent failed to pay the annual fee for years. Finally, the respondent obtained admission *pro hac vice* improperly. Accordingly, the hearing panel concludes that the respondent violated Kan. Sup. Ct. R. 208.

7

"31.     In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"32.     *Duty Violated*.  The respondent violated his duty to the legal profession to understand and abide by the licensing and professional practice rules of the Kansas Supreme Court.

"33.     *Mental State*.  The respondent negligently violated his duty.

"34.     *Injury*.  As a result of the respondent's misconduct, the respondent caused actual injury to the administration of justice.

"35.     *Aggravating and Mitigating Factors*.  Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

'a.     <u>A Pattern of Misconduct</u>.  For 16 years, the respondent failed to pay the annual registration fees to maintain his license to practice law. As such, the hearing panel concludes that the respondent has engaged in a pattern of misconduct.

'b.     <u>Multiple Offenses</u>.  The respondent committed multiple rule violations. The respondent violated KRPC 3.3(a), KRPC 8.4(c), KRPC 8.4(d), and Kan. Sup. Ct. R. 208. Accordingly, the hearing panel concludes that the respondent committed multiple offenses.

'c.      Substantial Experience in the Practice of Law.  The Kansas Supreme Court admitted the respondent to practice law in the State of Kansas in 1988 and the Missouri Supreme Court admitted the respondent to practice law in the State of Missouri in 1989. At the time of the most serious misconduct, the respondent had been practicing law for more than 20 years.'

"36.      Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

'a.      Absence of a Prior Disciplinary Record.  The respondent has not previously been disciplined.

'b.      Timely Good Faith Effort to Make Restitution or to Rectify Consequences of Misconduct.  The respondent immediately withdrew from his representation of S.L.S. Additionally, the respondent immediately refunded the entire fee paid on behalf of S.L.S. Further, the respondent also called the disciplinary administrator to report his conduct immediately after realizing his *pro hac vice* application misrepresentations.

'c.      The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions.  The respondent fully cooperated with the disciplinary process. Additionally, the respondent admitted the facts that gave rise to the violations. Finally, the respondent stipulated that he violated KRPC 3.3(a)(1), KRPC 8.4(c), KRPC 8.4(d), and Kan. Sup. Ct. R. 208.

'd.      Previous Good Character and Reputation in the Community Including Any Letters from Clients, Friends and Lawyers in Support of the Character and General Reputation of the Attorney.  The respondent is an active and productive member of the bar of Kansas City, Missouri. The respondent also enjoys the respect of his peers and generally possesses a good character and reputation as evidenced by the testimony of his peers as well as evidenced by several letters received by the hearing panel. Further, the

9

respondent has given back to the profession by providing *pro bono* representation on many occasions.

   'e.  <u>Remorse</u>.  At the hearing on this matter, the respondent expressed genuine remorse, embarrassment, and shame for the misconduct.

   'f.  <u>Additional Consideration</u>.  An additional factor considered by the hearing panel relates to a change in Supreme Court Rule 217. At the time the respondent took inactive status, the rule did not allow for the surrender of license—the respondent had to choose between registering as an active attorney or an inactive attorney. Each status carried with it annual registration requirements. However, since that time, the rule has changed and attorneys have an additional option to consider.

   (c)  Voluntary Surrender of License When Attorney is Not Under Investigation for Misconduct and Investigation is Not Anticipated.

     (1)  Voluntary Surrender. If an attorney voluntarily surrenders the attorney's license to practice law when the attorney is not under investigation for attorney misconduct and an investigation is not anticipated, the attorney's name is stricken from the roll of attorneys. The attorney must be in good standing at the time of surrender.'

Kan. Sup. Ct. R. 217. Thus, if this rule had existed at the time the respondent took inactive status, the respondent would have had a third option. The hearing panel considers this to mitigate the respondent's misconduct.'

   "37.  In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

   '5.13  Reprimand is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud,

deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law.

'6.12 Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

'6.13 Reprimand is generally appropriate when a lawyer is negligent either in determining whether statements or documents are false or in taking remedial action when material information is being withheld, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

'7.2 Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.

'7.3 Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.'

"*Recommendation*

"38. The disciplinary administrator recommended that the respondent's license be suspended for a period of 60 days. The disciplinary administrator also noted what the respondent would have to do to have the administrative suspension lifted.

11

"39.     The respondent recommended that the respondent be censured and that the censure be published in the Kansas Reports.

"40.     The hearing panel is persuaded by the significant mitigating factors presented in this case. Clearly, the respondent is a well respected member of the Kansas City, Missouri, criminal defense bar. Because of the significant mitigating evidence, the hearing panel recommends that the respondent be censured and the censure be published in the Kansas Reports.

"41.     Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

The Disciplinary Administrator's office appeals the panel's dismissal of two claims brought against respondent—purported violations of Supreme Court Rule 218(c)(1) and KRPC 5.5(a)—pursuant to Kansas Supreme Court Rule 211(f) (2015 Kan. Ct. R. Annot. 350). The Disciplinary Administrator also argues that the panel assigned respondent the wrong mental state and considered an inappropriate mitigating circumstance.

*Standard of review*

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2015 Kan. Ct. R. Annot. 350). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

12

The Disciplinary Administrator appeals the dismissal of the alleged Supreme Court Rule 218(c)(1) and KRPC 5.5(a) violations as matters of law. But neither he nor respondent has taken exceptions to the panel's findings of fact. Thus, we admit those findings as undisputed under Kansas Supreme Court Rule 212(c) and (d) (2015 Kan. Ct. R. Annot. 369).

Issue: *The hearing panel erred in concluding that respondent did not violate Kansas Supreme Court Rule 218(c)(1) and KRPC 5.5(a).*

The Disciplinary Administrator argues that the facts show respondent engaged in the unauthorized practice of law in violation of Supreme Court Rule 218(c)(1) and KRPC 5.5(a). Respondent counters that during the time he represented clients in Kansas, he had been admitted pro hac vice and, thus, he was not engaged in the unauthorized practice of law. He contends that, although the two pro hac vice admissions by court order were obtained in violation of the rules, the violations do not invalidate the pro hac vice orders.

*Analysis*

In a footnote to the final hearing report, the panel concluded that respondent did not engage in the unauthorized practice of law under Supreme Court Rule 218(c)(1) and KRPC 5.5(a). We hold the panel erred for two reasons: (1) Respondent stipulated to violating Kansas Supreme Court Rule 218; and, (2) respondent's undisputed conduct violated the plain language of Kansas Supreme Court Rule 218(c)(1) and KRPC 5.5(a).

Kansas Supreme Court Rule 218(c)(1) (2015 Kan. Ct. R. Annot. 401) states: "It is the unauthorized practice of law and a violation of KRPC 5.5 for: (1) a suspended . . . attorney to practice law after the Supreme Court enters an order suspending . . . the attorney." And KRPC 5.5(a) (2015 Kan. Ct. R. Annot. 641) provides: "A lawyer shall

not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so."

The parties entered into stipulations filed with the panel, including that respondent's conduct violated Supreme Court Rule 218. In other words, he admitted violating Rule 218(c)(1) and, by necessity, KRPC 5.5(a).

More important than respondent's stipulation, clear and convincing evidence shows that his conduct violates the plain language of the two rules—*i.e.*, practicing law while on a suspended license constitutes the unauthorized practice of law. In 1990, respondent went on inactive status in Kansas and then, in 1996, failed to pay the inactive fee. Due to his failure to pay the fee, this court ordered an administrative suspension of his license. In 2003 and 2009, respondent called the office of the Clerk of the Appellate Courts to learn what steps he could take to reinstate his license. But he failed to complete the necessary steps. Respondent's administrative suspension qualifies as a suspension for Rule 218(c)(1) purposes. See *In re Thompson*, 301 Kan. 428, 433, 343 P.3d 108 (2015) (an administrative suspension was sufficient to constitute a violation of Kansas Supreme Court Rule 218 for failure to notify clients, opposing counsel, and the courts of a suspension).

Respondent claims that despite his administrative suspension, he did not engage in the unauthorized practice of law because he was authorized through his pro hac vice admissions. In 2012, respondent submitted two applications to appear pro hac vice on behalf of two separate clients. On both applications, he failed to list his Kansas bar admittance, inform the court his license to practice law in Kansas was not in good standing, or inform the court his license in Kansas was on administrative suspension. Subsequently, respondent was admitted pro hac vice in both cases.

14

The panel merely found respondent's pro hac vice admission invalid: "Respondent obtained admission pro hac vice improperly as the respondent was not eligible for admission pro hac vice." The Disciplinary Administrator correctly points out that, under Kansas Supreme Court Rule 116 (2015 Kan. Ct. R. Annot. 222), only out-of-state attorneys who are not admitted to practice in Kansas are eligible for pro hac vice admission. That rule states: "An attorney not admitted to practice law in Kansas may be admitted on motion to practice law in a Kansas court or administrative tribunal—for a particular case only[.]" In the instant case, respondent was admitted to practice law in Kansas and therefore could not be admitted pro hac vice.

Additionally, at oral argument the Disciplinary Administrator referred to Supreme Court Rule 208(e), which states, in pertinent part:

> "It shall be the duty of each member of the judiciary of this state to prohibit any attorney who has been suspended from the practice of law from appearing or practicing in any court, and it shall be the duty of each member of the bar and judiciary to report to the Disciplinary Administrator any attempt by an attorney to practice law after his or her suspension. *The practice of law after suspension constitutes a violation of Kansas Rule of Professional Conduct 5.5.*" (Emphasis added.) (2015 Kan. Ct. R. Annot. 343).

The Disciplinary Administrator points out that under this rule all courts have a duty to prohibit a suspended lawyer from practicing law in Kansas. Therefore, his office argues, the district court certainly would have no authority to grant respondent's pro hac vice admissions to practice law while on suspension.

We agree with the Disciplinary Administrator. Respondent's administrative suspension simply does not allow his pro hac vice admission while a member of the Kansas bar. See *In re Swisher*, 285 Kan. 1084, 1092, 179 P.3d 412 (2008) (noting a suspended attorney remains a member of the Kansas bar, subject to the provisions of rules of professional conduct). Per these authorities, the district court orders granting him

15

pro hac vice admission were void ab initio. They therefore could not empower him to practice law in Kansas.

Accordingly, we conclude respondent engaged in the unauthorized practice of law in violation of Supreme Court Rule 218(c)(1) and KRPC 5.5(a). The panel erred in concluding otherwise.

ISSUES OF DISCIPLINE

At the panel hearing, the Disciplinary Administrator's office recommended that respondent's license to practice law be suspended for a period of 60 days. Respondent and the panel recommended published censure. At oral arguments before this court, the Disciplinary Administrator again recommended that respondent's license to practice law be suspended for a period of 60 days. And respondent reiterated his recommendation for published censure.

The panel's recommendation is advisory and does not prevent this court from imposing a greater or lesser punishment. *In re Harrington*, 296 Kan. 380, 387, 293 P.3d 686 (2013) (citing Supreme Court Rule 212[f]). In determining the appropriate sanction, this court considers the facts and circumstances of the case as well as aggravating and mitigating factors. 296 Kan. at 387 (citing *In re Swanson*, 288 Kan. 185, 214-15, 200 P.3d 1205 [2009]; Supreme Court Rule 211[f]).

Although not required or mandated by our rules, "this court and disciplinary panels 'historically' turn to the ABA Standards for Imposing Lawyer Sanctions to guide the discipline discussion." *In re Hawkins*, 304 Kan. 97, 140, 373 P.3d 718 (2016). The ABA Standards provide four factors to consider in assessing punishment: (1) the ethical duty violated by the lawyer; (2) the lawyer's mental state; (3) the actual or potential injury

16

resulting from the misconduct; and (4) the existence of aggravating and mitigating circumstances. 304 Kan. at 140 (citing ABA Standard 3.0).

The Disciplinary Administrator argues that the hearing panel erred in its assessment of the appropriate sanction for two reasons related to the ABA factors: (1) it wrongly concluded respondent negligently, rather than knowingly, violated the rules; and, (2) it wrongly concluded recent amendments to Supreme Court Rule 217 (Kan. Ct. R. Annot. 390) constituted a mitigating factor. Respondent generally refutes the Disciplinary Administrator's arguments and asserts that the panel properly considered the amendment to Supreme Court Rule 217 as a mitigating factor and the evidence supports he acted negligently rather than knowingly.

*The hearing panel erred in concluding respondent negligently violated the KRPC and Kansas Supreme Court Rules.*

The Disciplinary Administrator contends that respondent's violation of the KRPC and Supreme Court Rules arose from knowing, not negligent, conduct as the panel concluded. Respondent concedes that certain violations—KRPC 3.3(a)(1), KRPC 8.4(c), and Supreme Court Rule 208—involve knowing acts. But, he argues, the panel determined his mental state was a misunderstanding and misinterpretation of the rules, *i.e.*, negligence-based, not a knowing act of excluding his Kansas status from his pro hac vice applications.

ABA Standards identify three mental states: "intent," the highest culpable mental state; "knowledge," the intermediate culpable mental state; and "negligence," the least culpable mental state. *Hawkins*, 304 Kan. at 140. A lawyer acts with knowledge when acting "with conscious awareness of the nature or attendant circumstances of his or her conduct both without the conscious objective or purpose to accomplish a particular result." A lawyer acts negligently when failing "to be aware . . . that a result will

17

follow . . . ." 304 Kan. at 141; see also ABA Compendium of Professional Responsibility Rules and Standards, at 462 (2012).

The panel concluded that respondent violated KRPC 3.3(a)(1), which states that "[a] lawyer shall not *knowingly* make a false statement of fact or law to a tribunal . . . ." (Emphasis added.) (2015 Kan. Ct. R. Annot. 601). The panel also concluded respondent violated KRPC 8.4(c) ("It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation.") and KRPC 8.4(d) ("It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.") (2015 Kan. Ct. R. Annot. 672). Finally, the panel concluded that respondent violated Supreme Court Rule 208—attorneys admitted in Kansas must pay an annual fee and register, and only attorneys registered as active may practice law in Kansas. (2015 Kan. Ct. R. Annot. 342). And additionally, we have concluded that respondent violated Supreme Court Rule 218(c)(1) and KRPC 5.5(a). Again, Rule 218(c)(1) states that "[i]t is the unauthorized practice of law and a violation of KRPC 5.5 for . . . a suspended . . . attorney to practice law after the Supreme Court enters an order suspending" that attorney. (2015 Kan. Ct. R. Annot. 401-02). Finally, KRPC 5.5(a) provides: "A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so." (2015 Kan. Ct. R. Annot. 641).

At least one of respondent's violations—KRPC 3.3(a)(1)—clearly establishes "knowingly" as the culpable mental state for making a false statement to a tribunal. See *In re Kline*, 298 Kan. 96, 125-26, 311 P.3d 321 (2013) (violation of KRPC 3.3[a][1] requires actual knowledge of falsity). He concedes two others—KRPC 8.4(c) and Supreme Court Rule 208—also involved knowing acts on his part.

Respondent's violations and the record both reveal he acted with knowledge. But respondent argues he was acting negligently when he applied for pro hac vice status. He

contends at the time of his application he believed he was not suspended in Kansas, but simply on inactive status. This argument fails for two reasons.

First, the record indicates that respondent had actual knowledge of his suspension. Twice he received letters from this court specifically informing him of his suspension and the procedure for reinstating his license. And twice he called the court's clerk to inquire how to reactivate his license. Even with this knowledge, he still submitted two pro hac vice admissions where he failed to include his Kansas suspension, as required by the application.

Second, the argument that he negligently believed he was inactive in Kansas does not explain his failure to include his Kansas bar admission on the verified application for pro hac vice admission. The application required respondent to list all "[b]ars to which the applicant is admitted, the dates of admission, and the applicable attorney registration number(s)." Even if respondent had acted under the belief he was simply on inactive status, he was still a lawyer admitted to the Kansas bar and listed as such with the Office of Attorney Registration.

Respondent also argues that the panel's conclusion that he acted with a negligent mental state was associated with his "duty to the legal profession to understand and abide by the licensing and professional practice rules of the Kansas Supreme Court." In other words, he negligently failed to understand the rules. But the factual basis for the majority of respondent's violations was the knowingly made false statements to a tribunal. As the Disciplinary Administrator correctly notes, respondent could not knowingly make a false statement negligently under KRPC 3.3(a)(1). The circumstances surrounding respondent's pro hac vice applications and admissions establish a level of culpability beyond mere negligence. We conclude that respondent acted with a knowing mental state and therefore knowingly violated his duty.

19

*The hearing panel did not err in considering Kansas Supreme Court Rule 217 as a mitigating factor.*

The Disciplinary Administrator also argues that the panel erred in considering an amendment to Supreme Court Rule 217(c)(1) as a mitigating factor. Prior to the enactment of the amendment, the rule allowed attorneys involved in a disciplinary investigation to voluntarily surrender their license to practice law. In 2012, Supreme Court Rule 217 was amended to give even attorneys in good standing the option to voluntarily surrender their license:

> "If an attorney voluntarily surrenders the attorney's license to practice law when the attorney is not under investigation for attorney misconduct and an investigation is not anticipated, the attorney's name is stricken from the roll of attorneys. The attorney must be in good standing at the time of the surrender." (2015 Kan. Ct. R. Annot. 390).

Utilizing this change in the rule, the panel concluded:

> "An additional factor considered by the hearing panel relates to a change in Supreme Court Rule 217. At the time the respondent took inactive status, the rule did not allow for the surrender of license—the respondent had to choose between registering as an active attorney or an inactive attorney. Each status carried with it annual registration requirements. However, since that time, the rule has changed and attorneys have an additional option to consider.

> . . . .

> "Thus, if this rule had existed at the time the respondent took inactive status, the respondent would have had a third option. The hearing panel considers this to mitigate the respondent's misconduct."

20

As the panel correctly concluded, the amended provision was not in effect at the time respondent's license was suspended and respondent did not have the option to voluntarily surrender his license. Rather, this court suspended his license after he failed to pay the inactive attorney's fee.

The Disciplinary Administrator argues that because neither party presented evidence related to Supreme Court Rule 217, the panel should not have considered it as a mitigating factor. Respondent replies that, although the issue was not addressed at the hearing, there was no rule prohibiting the panel from considering the rule as a mitigating circumstance.

Unlike the standard for proving attorney misconduct, the panel does not need clear and convincing evidence to consider aggravating and mitigating factors. See *In re Walsh*, 286 Kan. 235, 248, 182 P.3d 1218 (2008). In *Walsh*, the respondent argued the panel erred in considering a letter presented as compelled due to terms of a settlement, rather than voluntary, because there was no clear and convincing evidence to conclude the letter was compelled. We stated:

> "The Respondent is correct that '[a]ny attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence.' [Citation omitted.] However, the Respondent cites no authority for his position that each aggravating and mitigating factor must be supported by clear and convincing evidence. Rather, the panel must consider the evidence presented with respect to aggravating and mitigating circumstances and determine how much weight to assign to each in arriving at an appropriate discipline." (Emphasis added.) 286 Kan. at 248.

While the panel is not required to support aggravating and mitigating circumstances with clear and convincing evidence, some evidence of those circumstances still must be presented for weighing. See *Hawkins*, 304 Kan. at 141 ("The panel must consider the evidence presented as to aggravating and mitigating circumstances and determine the weight to be assigned to each in arriving at an appropriate discipline."); see also *In re*

21

*Barker*, 299 Kan. 158, 167, 321 P.3d 767 (2014) (same); *Harrington*, 296 Kan. at 387 (same). Additionally, the formal complaint provides that "all evidence of aggravating and mitigating circumstances shall be presented at the hearing."

In the instant case, the record supports the panel's finding that, had the option been available, respondent may have voluntarily surrendered his license. Respondent testified that he went inactive and was ultimately suspended because of monetary concerns and he did not want to pay the fee in Kansas when he did not practice here. But the reason for respondent's administrative suspension—*i.e.*, his financial reasons for failing to pay the attorney registration fee—is not at issue in this disciplinary action. Rather, at issue is respondent's candor toward the tribunal when applying for pro hac vice admission and his unauthorized practice of law after that admission was granted on misleading facts. So, it is unclear why respondent's potential surrender of a legal license would mitigate those violations.

Regardless, in assigning discipline the panel considered five other mitigating circumstances and did not assign weight to its consideration of each. In addition to considering Supreme Court Rule 217, the panel also found: absence of prior discipline, timely good faith effort to rectify consequences of misconduct, full cooperation with disciplinary process, previous good character and reputation in the community, and remorse. As for aggravating factors, the panel found: a pattern of misconduct for 16 years, multiple offenses—violations of KRPC 3.3(a), KRPC 8.4(c), KRPC 8.4(d), and Rule 208—and substantial experience in the practice of law. Accordingly, the panel may have given very little weight to Rule 217 as a mitigating factor when weighing it against the totality of the mitigating and aggravating circumstances presented to it.

We conclude the panel did not err in considering Supreme Court Rule 217 as a mitigating circumstance because some evidence of respondent's wish to voluntarily suspend his license was presented. However, we also conclude that the reasoning behind

22

respondent's administrative suspension from the practice of law does not mitigate his current rule violations—*i.e.*, candor toward the tribunal and the unauthorized practice of law. Thus, we assign little weight to the current availability of a voluntary surrendering of a law license under Supreme Court Rule 217.

*Appropriate Discipline*

Given our conclusions that respondent additionally violated Rule 218(c)(1) and KRPC 5.5(a), that he acted with a knowing mental state, and that the panel properly considered evidence of mitigating circumstances, the only remaining issue before us is to determine the appropriate discipline for respondent's violations. The ABA Standards provide guidance for appropriate sanctions. See *In re Mitz*, 298 Kan. 897, 912, 317 P.3d 756 (2014) (ABA Standards are guidelines to assist the court and disciplinary panels). For violations of duties owed to the legal system—*e.g.*, misrepresentation—and violations of other duties owed as a professional—*e.g.*, the unauthorized practice of law—the ABA recommends:

"6.12    Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

"6.22    Suspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule, and causes injury or potential injury to a client or party, or causes interference or potential interference with a legal proceeding.

"7.2     Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."

23

Considering both the panel's findings and our legal conclusions, a majority of the court holds that respondent is to be suspended from the practice of law in the state of Kansas for a period of 60 days. A minority of this court would impose a greater sanction. Additionally, respondent must comply with Supreme Court Rule 218. The costs of the proceedings shall be assessed to respondent.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Kenton M. Hall be and is hereby suspended from the practice of law in the state of Kansas for 60 days in accordance with Supreme Court Rule 203(a)(2) (2015 Kan. Ct. R. Annot. 293), effective on the filing of this decision.

IT IS FURTHER ORDERED that respondent comply with Supreme Court Rule 218.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this opinion be published in the official Kansas Reports.